IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Othella Foust, f/k/a Othella Grant, | ) | C/A No.: 5:15-3445-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Latisha Walker; City of Orangeburg; | ) | |
| Ronda Bamberg; Orangeburg County | ) | |
| Sheriff's Department, and Orangeburg | ) | |
| County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Othella Foust ("Plaintiff") originally filed this matter in the Court of Common Pleas for Orangeburg County, South Carolina. [ECF No. 1-1]. The defendants removed the action to this court on April 6, 2015. [ECF No. 1]. Plaintiff filed an amended complaint on September 15, 2015. [ECF No 13].[1] Plaintiff's amended complaint names the following as defendants: Latisha Walker ("Walker"); City of Orangeburg ("City"); Ronda Bamberg ("Bamberg"); Orangeburg County Sheriff's Department ("OCSD"), and Orangeburg County ("County") (collectively "Defendants"). This matter comes before the court on Walker and City's motion to dismiss [ECF No. 17] and City's motion to strike portions of the complaint [ECF No. 18]. The motions having been fully briefed [ECF Nos. 23, 24], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to

---

[1] Walker and City previously filed motions to dismiss and to strike portions of the original complaint. [ECF Nos. 5–7]. These motions are now moot.

the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends Walker and City's motion to dismiss be denied without prejudice and City's motion to strike be denied.

I.     Factual Background

Plaintiff is Walker's mother. [ECF No. 17-1]. Walker is employed by City. [ECF No. 13 at ¶ 3]. According to Plaintiff's amended complaint, in October 2013, Plaintiff reported to City that Walker had interfered in a domestic matter by claiming to have power of attorney for Plaintiff's then-husband and accepting service of process on his behalf. *Id.* at ¶ 10. The City informed Walker of Plaintiff's report and Walker filed a police report with the OCSD. *Id.* at ¶¶ 11–12. Bamberg was the reporting officer. *Id.* at ¶ 12. As a result of Walker's complaint, Plaintiff was arrested on October 21, 2013. *Id.* at ¶ 14.

II.    Discussion

A.     Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal

terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

    B.    Analysis of Motion to Dismiss

Among Plaintiff's causes of actions, she asserts a cause of action for negligence against Walker and City. In their brief motion, Walker and City argue that (1) Walker can not be sued in her official capacity; (2) to the extent the negligence claim is asserted against Walker in her individual capacity, she did not owe a duty to Plaintiff; and (3) City cannot be liable for negligence because Walker was not acting within the scope and course of her employment. [ECF No. 17].

Plaintiff's response argues that (1) Walker was not sued in her official capacity; (2) Walker owed a duty of care not to violate a law and South Carolina law makes it unlawful to file a false police report; and (3) Plaintiff's claim for negligence against City is based on actions or inactions of City employees other than Walker (regarding the response to Plaintiff's report of Walker's alleged misconduct). [ECF No. 18]. Walker and City did not file a reply addressing Plaintiff's arguments.

Walker and City's motion to dismiss is two pages and does not contemplate the arguments made by Plaintiff. Walker and City did not file a reply and failed to provide any legal authority disputing the legal arguments contained in Plaintiff's response. Therefore, the undersigned recommends Walker and City's motion to dismiss be denied at this time without prejudice to their right to file a dispositive motion including the same arguments.

C.  City's Motion to Strike

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (2d ed. 1990)). Whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the court. *See GTSI Corp. v. Wildflower Int'l, Inc.*, C/A No. 1:09CV123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009).

In its motion to strike, City argues that it is not liable for punitive damages and cannot be held jointly and severally liable with the other defendants. [ECF No. 18]. In her response, Plaintiff agrees with City's legal arguments. [ECF No. 23]. The undersigned finds that it is unnecessary to strike the portions of the complaint pursuant to Rule 12(f) and recommends the motion to strike be denied. However, the court notes that Plaintiff has conceded that she is not entitled to punitive damages against City and may not hold it jointly and severally liable.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Walker and City's motion to dismiss be denied without prejudice and City's motion to strike be denied.

4

IT IS SO RECOMMENDED.

*[Signature: Shiva V. Hodges]*

June 17, 2016                                   Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).